UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN T.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 19-105 RJB-MLP

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Michelle L. Peterson. Dkt. 18. The Court has considered the Report and Recommendation, objections to the Report and Recommendation, the response to the objections and the remaining record.

On July 26, 2019, the Report and Recommendation was filed, recommending that the decision of the Commissioner, to deny the Plaintiff Social Security Disability Insurance benefits, be upheld. Dkt. 18. The Plaintiff filed objections, arguing that the Court should not adopt the Report and Recommendation because the ALJ erred when she rejected the opinions of examining doctors Victoria McDuffee, Ph.D., Kathleen Anderson, M.D., and Dana Harmon,

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

Ph.D. Dkt. 19.  The Plaintiff asserts that the:  (1) ALJ erred in finding that the opinions at issue were inconsistent with longitudinal examination findings in the treatment notes and group therapy notes and the Report and Recommendation minimizes the ALJ's error in the finding, (2) the fact that the Plaintiff has flares of (more intense) symptoms is not grounds to reject the opinions at issue, (3) there is no evidence that the Plaintiff was non-compliant with his medication at the time of the evaluations, (4) the ALJ's reasons for rejecting the individual opinions of Dr. McDuffee and Dr. Anderson was in error.

The Report and Recommendation (Dkt. 18) should be adopted.  The Plaintiff's objection, that the ALJ failed to properly consider all relevant evidence in the medical records (of Plaintiff's abnormal mood and isolation behaviors) and group therapy notes (indicating he was having difficulties) when he found that Drs. McDuffee, Anderson, and Harmon's opinions were inconsistent with the longitudinal examination findings in the treatment notes and group therapy notes, do not provide a basis to reject the Report and Recommendation.  "The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F.3d 1155, 1164 (9th Cir. 2008).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002).  As stated in the Report and Recommendation, the ALJ properly weighed the evidence and resolved the conflicts in the record.  The medical evidence is susceptible to more than one rational interpretation, so the ALJ's conclusions must be upheld.  *Thomas,* at 954.

The Plaintiff's objection, that he has more intense symptoms at times was not a reason to reject Drs. McDuffee, Anderson, and Harmon's opinions, is not a ground to reject the Report and Recommendation.  The Report and Recommendation properly notes that the ALJ did

acknowledge abnormal findings in the record, but found that they were not necessarily indicative of his baseline level of functioning as reported in the opinions at issue. Further, again, it is the ALJ that is to resolve conflicts in the medical record, and this Court will not substitute its' judgment for the ALJ's judgment.

The Plaintiff objects and argues that there is no evidence that the Plaintiff was non-compliant with his medications at the time the three doctors saw him, and so, the ALJ should not have rejected the three doctors' opinions on the grounds that their opinions were inconsistent with the longitudinal record that showed that his symptoms improve when he is compliant with medications and not using alcohol. This objection does not provide a basis to reject the Report and Recommendation. The Report and Recommendation properly notes that even were it possible to determine whether the Plaintiff was medication compliant and not using alcohol at the time of the examinations, the ALJ's finding that their opinions conflicted with the record and his rational interpretation of the evidence which supports his decision, must be upheld.

The Plaintiff's objection, that the ALJ erred in rejecting Dr. McDuffee's opinion because it was internally inconsistent, is not a basis to reject the Report and Recommendation. The ALJ noted that Dr. McDuffee found that the Plaintiff had only mild cognitive impairment, but then opined that he had significant limitations. As stated in the Report and Recommendation, it is the role of the ALJ to weigh conflicting medical evidence. The ALJ's conclusion, that the internally inconsistent nature of Dr. McDuffee's opinion undermined the entire opinion is not error.

The Plaintiff objects to the Report and Recommendation's recommendation that the Court find that the ALJ properly considered Dr. Anderson's opinion. The Plaintiff argues that the ALJ erred when he found that the Plaintiff's presentation during Dr. Anderson's examination was in stark contrast to his presentation during other appointments around that time. The

Plaintiff asserts that there is medical evidence that the Plaintiff was demonstrating abnormal behaviors and that the ALJ failed to address these findings in the medical record. This does not provide a basis to reject the Report and Recommendation. The Report and Recommendation properly points out that there was a conflict in the medical record at this time: while the Plaintiff was exhibiting abnormal behaviors, the ALJ noted that the treating providers found that typically those behaviors were milder than those noted by Dr. Anderson. Further, the Report and Recommendation noted that the ALJ discounted Dr. Anderson's opinion for several other reasons.

The Report and Recommendation (Dkt. 18) should be adopted and the case dismissed. The ALJ provided specific and legitimate reasons, supported by substantial evidence in the record to reject the medical opinions at issue here. The Commissioner's decision should be affirmed.

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 18) **IS ADOPTED**;
- The Commissioner's decision **IS AFFIRMED**; and
- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge Michelle L. Peterson, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of August, 2019.

ROBERT J. BRYAN
United States District Judge